IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CYMONE ALICE ANDERSON,<br><br>                Plaintiff<br><br>    VS.<br><br>JO ANNE B. BARNHART,<br>S.S. Commissioner,<br><br>                Defendant | NO. 5:06-CV-363 (CWH)<br><br>**SOCIAL SECURITY APPEAL** |

## O R D E R

On July 7, 2003, plaintiff CYMONE ALICE ANDERSON filed for Supplemental Security Income which was denied initially and on reconsideration. The plaintiff requested a hearing before an administrative law judge, and such a hearing was held on December 16, 2005. On March 15, 2006, the ALJ issued a partially favorable decision, finding that the plaintiff was disabled due to emotional problems, retardation, and asthma from September 27, 2000, through July 31, 2005, but that she was not disabled from August 1, 2005, onward.

The Appeals Council denied the plaintiff's request for review, thus making the ALJ's decision that of the Commissioner of Social Security. The plaintiff has exhausted her administrative remedies and this case is therefore ripe for review under 42 U.S.C. §§ 405 g and 1383(c)(3).

Both parties have consented for the United States Magistrate Judge to conduct any and all proceedings herein including the ordering of the entry of judgment. Any appeal from this judgment permitted by law may be taken directly to the Court of Appeals of the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court. 28 U.S.C. § 636(c)(3).

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. ***Walker v. Bowen***, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ***Richardson v. Perales***, 402 U.S. 389, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, reweigh evidence, or substitute its judgment for that of the Commissioner.[1] ***Bloodsworth v. Heckler***, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. ***Harrell v. Harris***, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth, supra*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id*.

The initial burden of establishing disability is on the claimant. ***Kirkland v. Weinberger***, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. ***Oldham v. Schweiker***, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*.

Under the regulations, the Commissioner determines if a claimant is disabled by a five step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

---

[1] Credibility determinations are left to the Commissioner and not to the courts. ***Carnes v. Sullivan***, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. ***Wheeler v. Heckler***, 784 F.2d 1073, 1075 (11th Cir. 1986). *See also* ***Graham v. Bowen***, 790 F.2d 1572, 1575 (11th Cir. 1986).

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. ***Bowen v. Heckler***, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. *Id*.

## DISCUSSION

Plaintiff Anderson alleges that she was entitled to a presumption of continuing disability and cites ***Williams v. Apfel***, 73 F.Supp.2d 1325, 1337 (M.D. Fla. 1999) in support of her contention. However, any presumption is slight, as the ALJ's finding of a medical improvement need only be supported by substantial evidence.[2]

Despite what the ALJ found to be a "borderline" range of intellectual functioning, the plaintiff enrolled in Central Georgia Technical College on August 1, 2005. Tr. at 21. Based on the plaintiff's own testimony, the ALJ further found the plaintiff performed "okay" in school, was able to finish her homework on time, and got along with her teachers and classmates. Tr. at 22. Upon viewing all of the evidence before him, the ALJ concluded that the plaintiff demonstrated an ability to perform adequately on an academic and social level at Central Georgia Technical College. The ALJ considered the opinion of Yudit Jung, Ph.D. (Tr. 234-238) and discounted the same because it was not consistent with other evidence in the record. The ALJ then posed a hypothetical to a vocational expert and based on the vocational expert's response, found that plaintiff Anderson could perform the requirements of a number of occupations that exist in the regional economy.

---

[2]It is questionable as to whether there is **any** presumption with respect to an ongoing disability. The plaintiff has not pointed to any statute or regulation using the word "presumption," and any circuit cases the plaintiff cites predate the Social Security Disability Reform Act which was enacted in 1984. On the other hand, the defendant has cited to a number of cases and regulations showing that there is no longer a presumption of disability. ***Cutlip v. Sec'y of Health and Human Servs.,*** 25 F.3d 284 (6th Cir. 1994), 20 C.F.R §416.994(b)(1)(vi). *See also* BARBARA SAMUELS, SOCIAL SECURITY DISABILITY CLAIMS PRACTICE & PROCEDURE§30.2 (2d ed. 2007) ("Note that the medical improvement standard does not include any presumption of continuing disability by reason of a prior finding of disability.")

Plaintiff Anderson claimed disability based on mental and emotional limitations and asthma. After a review of the transcript of the hearing before the ALJ, it is clear that his denial of benefits for the period after July 31, 2005, was based on substantial evidence: plaintiff has a twelfth grade education and was — at the time of the ALJ's decision — enrolled in a technical college. Since her enrollment at Central Georgia Technical College, her emotional problems did not present any significant hurdle to her performance. The ALJ's limitations in his hypothetical with respect to fumes, odors, dust, gases and ventilation adequately account for the plaintiff's asthma.

## CONCLUSION

Accordingly, substantial evidence supports the Commissioner's decision. It is, therefore, **AFFIRMED**.

SO ORDERED, this 31st day of MARCH, 2008.



                CLAUDE W. HICKS, JR.
                UNITED STATES MAGISTRATE JUDGE